**Maria Ofelia SANCHEZ, as Natural Guardian and Next Friend For Pedro Sanchez, Appellant,**

v.

**HUNTSVILLE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 01–92–00312–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1992.

Frank Blazek, Smither, Martin, Henderson, Morgan, DeLong & Mathis, P.C., Huntsville, for appellant.

Arturo G. Michel, Merri Schneider-Vogel, Bracewell & Patterson, Houston, for appellee.

Before DUNN, DUGGAN and MIRABEL, JJ.

## OPINION

DUNN, Justice.

This is an appeal from an order of dismissal against the appellant, Maria Ofelia Sanchez, acting on behalf of her minor child, Pedro Sanchez. We affirm.

Pedro Sanchez was expelled by the school administrator in February 1992 from the Huntsville Independent School District (HISD), for the remainder of the 1991–92 school year, for possessing firearms and drugs on one of the district's campuses. Ms. Sanchez appealed; the HISD Board of Trustees conducted a hearing and upheld the findings of the school administrator.

Ms. Sanchez, on behalf of her son, filed an original petition with the district court seeking a trial *de novo* and a stay pending appeal. The court denied the stay. Ms. Sanchez appealed the denial to this Court, and it was refused on March 27, 1992, for want of jurisdiction. Ms. Sanchez' petition noted that she was appealing pursuant to TEX.EDUC.CODE ANN. § 21.3011(e) (Vernon 1987) because her son had been expelled for misconduct and that expulsion was upheld by the board of trustees. Ms. Sanchez prayed that HISD be cited to appear and answer, and be required to prove its charges against her son by clear and convincing evidence at trial.

HISD filed a general denial and special exceptions to Ms. Sanchez' original petition, claiming that Ms. Sanchez failed to state the grounds upon which the board's decision was allegedly defective. As the petition did not contain prima facie allegations of alleged deficiencies, HISD contended

that it failed to give fair notice of Ms. Sanchez' claims.

The appellant filed special exceptions to HISD's answer alleging that, since the petition was filed pursuant to TEX.EDUC.CODE ANN. § 21.3011(e) (Vernon 1987), HISD was required to plead the specific facts supporting the district's decision to expel her son. After a hearing, the trial court denied Ms. Sanchez' special exceptions, granted HISD's special exceptions, and gave Ms. Sanchez an opportunity to amend her pleadings. She declined and the trial court ultimately dismissed her action.

In three points of error, Ms. Sanchez complains that the trial court erred in granting HISD's special exceptions, in dismissing her cause of action, and in denying her special exceptions because the court used the wrong *de novo* standard for this proceeding. Ms. Sanchez contends that the appropriate review is a "pure" trial *de novo*, not a "substantial evidence" review. She further complains that the trial court abused its discretion when it refused to stay the expulsion pending the *de novo* review.

▉▉▉ The trial court has broad discretion to sustain special exceptions and order more definite pleadings as a particular case may require. *See Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). The standard of review of a trial court's dismissal upon special exceptions is *de novo* on the legal question of whether the pleading stated a cause of action. *Krupicka v. White*, 584 S.W.2d 733, 737 (Tex.Civ.App.—Tyler 1979, no writ). The appellate court is required to accept as true all factual allegations set forth in the pleading. *Fidelity & Casualty Co. v. Shubert*, 646 S.W.2d 270, 277–78 (Tex.Civ. App.—Corpus Christi 1983, writ ref'd n.r.e.).

▉▉▉ The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1986). The trial court does not necessarily abuse its discretion if under the same facts an appellate judge would decide the matter differently, or if the court commits a mere error in judgment. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

The petition and appeal in this case is pursuant to TEX.EDUC.CODE ANN. § 21.-3011(e) (Vernon 1987), which provides:

> Before the expulsion, the board or its designee must provide the student a hearing at which the student is afforded appropriate due process as required by the federal constitution. If the decision to expel a student is made by the board's designee, the decision may be appealed to the board. The decision of the board may be appealed by trial *de novo* to a state district court of the county in which the school district's central administrative office is located.

We note that this expulsion provision was enacted for situations where a student

(1) assaults a teacher or other individual;

(2) sells, gives, or delivers to another person or possesses or uses or is under the influence of:

> (A) marihuana or a controlled substance ...;

> (B) a dangerous drug ...;

(3) sells, give, or delivers to another person an alcoholic beverage ... or commits a serious act or offense while under the influence of alcohol; or on more than one occasion possesses, uses, or is under the influence of an alcoholic beverage;

(4) possesses a firearm, ... a knife, ... a club, ... or a weapon ...;

(5) engages in conduct that contains the elements of an offense relating to abusable glue or aerosol paint ...;

(6) engages in conduct that contains the elements of the offense of arson ...;

(7) engages in conduct that contains the elements of the offense of criminal mischief ... if the offense is punishable as a felony....;

TEX.EDUC.CODE ANN. § 21.3011(b) (Vernon Supp.1993).

▉ No court has addressed the issue of whether the legislature intended that the

trial court review under this statute is one of substantial evidence *de novo*, substantial evidence confined to the record, or a pure trial *de novo*. School districts are not covered by the provisions of the Administrative Procedure and Texas Register Act, TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Pamp.1993), because they are not "agencies" as defined by the statute.[1] Therefore, we must determine which of three methods of *de novo* review [2] is proper to adopt for expulsion proceedings.

■ The appellant advocates a pure trial *de novo*. In this review, the trial court would conduct its own independent fact finding proceeding. The school district would be required to plead and prove the basis for the student's expulsion. As a corollary to this type of review, the appellant argues that the expulsion order should be the vacated until the trial court had made its determination. *State v. Cortez*, 160 Tex. 532, 333 S.W.2d 839, 841 (1960). A true trial *de novo* is not an "appeal" but a new proceeding. *Central Educ. Agency v. Upshur Cty. Comm'rs Ct.*, 731 S.W.2d 559, 561 (Tex.1987). The TEX.EDUC.CODE ANN. § 21.3011 (Vernon 1987) authorizes the court to hear only "appeals." *See also Central Educ. Agency*, 731 S.W.2d at 561.

HISD argues that case law suggests that there must be some limiting language in the statute before courts should interpret the statute to require a pure trial *de novo*. It cites *Ball v. Kerrville Independent School District*, 504 S.W.2d 791 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.), and *State Board of Insurance Commissioners of Texas v. Fulton*, 229 S.W.2d 652 (Tex.Civ.App.—Waco 1950, writ ref'd n.r.e.), to support their position. In interpreting the subsection before it, the *Ball* court stated that the substantial evidence rule comports with the legislative policy

designed to keep to a minimum judicial interference "in matters incidental to the routine management and control of the internal affairs of the school district." *Ball*, 504 S.W.2d at 797.

■ We note that *de novo* review of administrative decisions is provided in six subsections of the Education Code. TEX. EDUC.CODE ANN. §§ 13.215, 19.021(d), 19.-022(i), 19.0221, 21.041(d), 21.3011(e) (Vernon 1987 & Supp 1993). In all but section 13.215, the statute's language merely indicates review will be by trial *de novo*. In section 13.215, dealing with teachers' professional practices, the legislature provided that the appeal "shall be *de novo* as that term is used and understood in appeals from justice of the peace courts to county courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force." TEX.EDUC.CODE ANN. § 13.215 (Vernon 1987). In appeals from justice court to county court, the judgment of the justice court is vacated and the plaintiff has the burden of proving his case again. *See Knight v. Texas Dep't of Pub. Safety*, 361 S.W.2d 620, 623 (Tex.Civ.App.—Amarillo 1962, no writ); *Greenfield v. Chas. K. Horton, Inc.*, 64 S.W.2d 369, 370 (Tex.Civ. App.—Waco 1933, no writ).

As noted above, none of the other subsections in the Education Code have this language. Section 21.041 was amended in 1989 to add the *de novo* review; section 19.0221 was new in 1991. Two other subsections have been interpreted by the Austin Court of Appeals, and the standard applied has been one of substantial evidence. *See Barnhart Indep. Sch. Dist. v. Mertzon Indep. Sch. Dist.*, 464 S.W.2d 197, 201 (Tex.Civ.App.—Austin 1971, writ ref'd n.r.e.) (section 19.021—enlarging districts

---

1. "Agency" is defined as "any state board, commission, department, or officer having statewide jurisdiction, other than an agency wholly financed by federal funds, the legislature, the courts, the Texas Workers' Compensation Commission, and institutions of higher education, that makes rules or determines contested cases. For the purpose of determining contested cases, the term includes the State Office of Administrative Hearings." TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 3(1) (Vernon Pamph.1993).

2. The types of review are pure trial *de novo*, substantial evidence *de novo*, and substantial evidence confined to the record. James R. Eissinger, *Judicial Review Of Findings Of Fact In Contested Cases Under APTRA*, 42 BAYLOR L.REV. 1, 11 (1990).

by annexing other districts); *Prosper Indep. Sch. Dist. v. Central Educ. Agency,* 798 S.W.2d 661, 668 (Tex.App.—Austin 1990, writ denied) (section 19.022—detachment and annexation of territory).

In *Barnhart,* the court determined that the substantial evidence rule was applicable in considering whether the school board's annexation action was arbitrary. *Barnhart,* 464 S.W.2d at 201. In *Prosper,* the court held that the detachment order may be overturned only if the county commissioners' decision was tainted by fraud, bad faith, or abuse of discretion, or if the decision was not supported by substantial evidence. *Prosper,* 798 S.W.2d at 668. They further found that under a substantial evidence review, the court is "not concerned with the *correctness* of the administrative order, but with its *reasonableness.*" *Id.* at 665 n. 1 (emphasis in original).

■■■ When the court examines whether there is substantial evidence to support an agency's decision, it determines whether reasonable minds could have reached the same conclusion the agency reached. *Dotson v. Texas State Bd. of Medical Examiners,* 612 S.W.2d 921, 922 (Tex.1981). Substantial evidence is more than a mere scintilla, but less than a preponderance of the evidence; therefore, the evidence may preponderate against the agency's decision but still amount to substantial evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). Where there are controverted issues of fact, the trial court may not substitute its judgment for that of the agency. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). The resolution of factual conflicts and ambiguities is the province of the administrative body and not the district court. *Valentino v. City of Houston,* 674 S.W.2d 813, 817 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). The agency's decision must stand unless the evidence as a whole is such that reasonable minds could not have reached the conclusion reached by the agency. *Firemen's & Policemen's Civil Serv. Comm'n v. Bonds,* 666 S.W.2d 242, 244 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd w.o.j.).

Although "substantial evidence" is a term of art in the area of review of administrative decisions, the standard has been likened to the "any rational basis" standard in due process analysis where the court ensures that the actions of the school administration were not arbitrary and capricious. *See Ball,* 504 S.W.2d at 797; *Eiland v. Wolf,* 764 S.W.2d 827 (Tex.App.—Houston [1st Dist.] 1989, writ denied). "Ordinarily, unless a claim involves the violation of fundamental rights, the court will not interfere with the State's action if it finds a rational basis for the action." *Eiland,* 764 S.W.2d at 834.

■■■ It has long been recognized that school officials exercise a comprehensive authority, within constitutional bounds, to maintain good order and discipline on school grounds. *Boykins v. Fairfield Bd. of Educ.,* 492 F.2d 697, 702 (5th Cir.1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1975). The fifth circuit has also noted that "findings of school agencies when reached by correct procedures and supported by substantial evidence, are entitled to great weight." *Ferguson v. Thomas,* 430 F.2d 852, 859 (5th Cir.1970). This should be especially true in light of the grounds upon which a student may be expelled under this statute.

■■■ We find that the appropriate standard to be used by the district court when addressing appeals under this statute is one of substantial evidence *de novo.* Under the substantial evidence standard, the agency's decision has a presumption of legality and validity. *Mary Lee Found. v. Texas Employment Comm'n,* 817 S.W.2d 725, 727 (Tex.App.—Texarkana 1991, writ denied). It is the complaining party, in this case the appellant, who has the burden of showing an absence of substantial evidence to support the school district's decision. Therefore, the trial court was correct in granting HISD's special exceptions and denying the appellant's special exceptions. When the appellant refused to amend his pleadings, the trial court did not abuse its

discretion in dismissing the appellant's action. *Hubler*, 564 S.W.2d at 820.

The appellant's first and second points of error are overruled.

 The appellant's third point of error concerns the denial by the trial court of his motion to stay the expulsion order pending his appeal to the trial court. A motion to stay is directed to the discretion of the court and the granting or denying of such a motion will only be reviewed for abuse of discretion. *Space Master Int'l v. Porta–Kamp Mfg.*, 794 S.W.2d 944, 946 (Tex. App.—Houston [1st Dist.] 1990, no writ).

In this case, the relief the appellant sought was tantamount to vacating the school board's order, in essence an injunction. Under the rules of civil procedure, the procedural requirements for injunctive relief are quite specific. TEX.R.CIV.P. 682. Further, it is well settled that to establish a right to the issuance of a temporary injunction, the applicant must show immediate and irreparable injury, absence of an adequate legal remedy, and a probable right to recovery. *See Arkansas Louisiana Gas Co. v. Fender*, 593 S.W.2d 122, 123 (Tex. Civ.App.—Tyler 1979, no writ) and cases cited therein. The appellant failed to meet these requirements in her motion. Therefore, the trial court appropriately denied the relief appellant sought.

The appellant's third point of error is overruled.

The judgment of trial court is affirmed.