Patricia NICHOLS, Appellant,

v.

JACK ECKERD CORPORATION,
Appellee.

No. 01–93–00903–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 10, 1995.

Rehearing Denied Sept. 7, 1995.

**6**

James R. Jones, Houston, for appellant.

Malcolm Williams, Houston, for appellee.

Before COHEN, WILSON and ANDELL, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from the trial court's dismissal of a petition for bill of review after appellant, Patricia Nichols, refused to amend pursuant to the trial court's order granting special exceptions. In a sole point of error, appellant, Patricia Nichols, asserts the petition alleged, factually and with particularity, sufficient cause to support a bill of review. We affirm the trial court's dismissal.

## I. FACTS AND PROCEDURAL POSTURE

Nichols sued appellee, Jack Eckerd Corporation (Eckerd), in September 1991, seeking over $75,000 for injuries allegedly sustained when she slipped and fell in one of Eckerd's stores on August 19, 1990. Eckerd answered with a general denial in October 1991. Nine months later, in July 1992, Nichols filed a voluntary motion to dismiss her suit *with prejudice*. Along with the motion, Nichols submitted a proposed order of dismissal. The order also stated that the cause was dismissed *with prejudice* and Nichols' attorney, Henry Arthur, signed the order indicating his approval. On August 4, 1992, the trial court signed the order granting the motion to dismiss *with prejudice*.

On September 22, 1992, more than 30 days after the trial court signed the dismissal order, Nichols filed a motion to reinstate. The motion alleged that Nichols' attorney, Arthur, did not receive notice from the court clerk informing him that the dismissal had been signed on August 4, 1992, and that he did not acquire actual knowledge of the dismissal until September 21, 1992, while attempting to set depositions. Therefore, according to TEX.R.CIV.P. 306a(4), the motion to reinstate was timely filed.[1] The motion further claimed that the dismissal *with prejudice* was a clerical error, and that it should have been a motion to dismiss *without prejudice*. The motion was accompanied by an affidavit from Sandy M. Gonzales,[2] who claimed responsibility for preparing the motion for Nichols' attorney, and denied knowing the difference between a dismissal with prejudice and a dismissal without prejudice.

---

**1.** Ordinarily, a party must file a motion to reinstate within 30 days after the order of dismissal is signed. If, however, the party does not receive notice or acquire actual knowledge of the order within 20 days of the date the order is signed, TEX.R.CIV.P. 306a(4) provides that the 30–day period shall begin to run on the date the party actually acquires notice or actual knowledge of the order, but in no event can the 30–day period begin after more than 90 days have passed since the order was signed. *See Levit v. Adams*, 850 S.W.2d 469, 469–70 (Tex.1993).

**2.** Gonzales' position or role in the law firm is not stated or apparent from the affidavit. Elsewhere, Gonzales is identified as "plaintiff's attorneys' secretary."

Gonzales stated that the motion and proposed order were prepared and submitted for Arthur's signature "along with other documents." After a hearing, the trial court denied the motion.

Nichols then filed a motion for rehearing in which she reasserted that under rule 306a, Arthur, as her attorney of record, was entitled to receive notice that the judgment was signed because Nichols was a party "adversely affected" by the dismissal order. Since no notice of the order was received, Nichols argued that rule 306a(4) extended the time in which she could file a motion to reinstate. The motion also observed that the statute of limitations on Nichols' cause of action had run, and if the case was not reinstated, Nichols would be left without a remedy. The motion for rehearing was also denied.

On November 23, 1992, Arthur filed a petition for bill of review on Nichols' behalf, which the trial court correctly refused to consider because it was filed under the cause number of the original suit. In April 1993, eight months after the underlying suit had been voluntarily dismissed with prejudice, Nichols correctly filed a second petition for bill of review under a new cause number. It is this second petition for bill of review that provides the basis for this appeal.

In her petition, Nichols alleged: (1) Arthur was not authorized to dismiss her suit; (2) she had not been negligent in the prosecution of the case, but exercised reasonable diligence in filing the bill of review upon learning of the dismissal of her case; (3) she had a meritorious claim against the defendant, and she would be deprived of her day in court if the trial court did not set aside the dismissal order; and (4) neither she nor her counsel received notice of the dismissal pursuant to 306a(3) & (4), which deprived her of her legal remedies to set aside the unauthorized dismissal.

Eckerd filed special exceptions to this petition claiming that it did not allege factually and with particularity the elements necessary to support bill of review relief. On July 21, 1993, the trial court found that the petition was inadequate and, accordingly, granted the special exceptions, and gave Nichols until August 2, 1993, to amend her pleadings.

Nichols refused to amend, and on August 20, 1993, the trial court granted Eckerd's motion to dismiss. The order of dismissal states: "[T]he allegations in Plaintiff's Original Petition for Bill of Review are insufficient to support a bill of review and Plaintiff has been given the opportunity to cure the defects in the petition but failed to do so." In her sole point of error, Nichols claims her petition for bill of review was sufficient and should not have been dismissed following her failure to amend.

## II. STANDARD OF REVIEW

The trial court has broad discretion to sustain special exceptions. *Sanchez v. Huntsville I.S.D.*, 844 S.W.2d 286, 288 (Tex. App.—Houston [1st Dist.] 1992, no writ). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules and principles. *Id.* If the trial court sustains a defendant's special exceptions, it must give the plaintiff an opportunity to amend. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). The plaintiff then has two options: either amend the pleading to cure the defect or refuse to amend. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). If the plaintiff amends, but does not cure the defect, or refuses to amend, the trial court may dismiss the case and the plaintiff may test the trial court's ruling on appeal. *Id.*

When reviewing a trial court's dismissal of a cause of action on special exceptions, we must accept as true all of the factual allegations set out in the challenged pleading. *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988); *Sanchez*, 844 S.W.2d at 288. This standard does not apply, however, to the plaintiff's assertions of law. The legal conclusions of the trial court as to whether the plaintiff's petition adequately established a cause of action are subject to de novo review in this Court. *Sanchez*, 844 S.W.2d at 288.

In the instant case, the trial court reached the conclusion that, accepting as true all of Nichols' factual allegations, her

petition did not sufficiently allege a cause of action for bill of review relief. It is this legal conclusion that we must now review.

## III. ANALYSIS

 A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. v. Briscoe*, 722 S.W.2d 407 (Tex.1987). Ordinarily, a plaintiff in a bill of review proceeding must file a petition that alleges factually and with particularity the following elements: (1) a meritorious claim or defense; (2) which he was prevented from asserting by the fraud, accident or mistake of the opposite party or a court official in the exercise of official duties; (3) unmixed with any fault or negligence of his own. *Id.* at 408; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979).

 Nichols did not plead that she was prevented from asserting her claim due to the fraud, accident or mistake of the opposite party. Instead, she maintained that it was due to her own attorney's conduct, which she did not authorize. In *Transworld*, the Texas Supreme Court specifically held that "a bill of review petitioner who alleges that he suffered an adverse judgment because of the fraudulent or wrongful acts of his attorney is not excused from the necessity of pleading and proving extrinsic fraud on the part of his opponent." 722 S.W.2d at 408. In so holding, the court expressly declined to adopt the reasoning of the Texarkana Court of Appeals in *Pierce v. Terra Mar Consultants, Inc.*, 566 S.W.2d 49, 53 (Tex.App.—Texarkana 1978, writ dsm'd w.o.j.), which was remarkably similar to the current case.

In *Pierce*, the plaintiff alleged that his attorney had taken a non-suit of his case without his consent. When the plaintiff learned of the dismissal, he hired a new attorney who filed a bill of review seeking to have the original case reinstated. The defendant filed special exceptions to the plaintiff's petition alleging that it was insufficient to state a claim for equitable relief because it failed to allege that the non-suit was in any way attributable to an act or omission of the defendant or his attorney. The trial court sustained the special exceptions, and upon the plaintiff's failure to amend, dismissed the bill of review. 566 S.W.2d at 51. The court of appeals held that it was sufficient for a bill of review plaintiff to allege and prove: (1) the dismissal was entered against him without his knowledge or consent and through no fault or negligence of his own; (2) he has a meritorious claim; and (3) that he used reasonable diligence in filing the bill of review after becoming aware of the adverse action. *Id.* at 53. The *Transworld* decision, however, expressly disapproved *Pierce's* holding, and held that the negligence of a party's own attorney is insufficient to fulfill the second requirement for bill of review relief. 722 S.W.2d at 408; *see also Gracey v. West*, 422 S.W.2d 913, 918–19 (Tex.1968).

Alternatively, Nichols maintains that she is relieved from proving the traditional requirements for a bill of review because a bill of review petitioner who is prevented from filing a motion to reinstate due to the failure of the court clerk to properly notify the party that a judgment was signed is subject to a less onerous burden. In *Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex.1964), the supreme court held that where a party is prevented from timely filing a motion for new trial due to misinformation from a court official, a bill of review petitioner is merely required to allege and prove: (1) that the entry of the underlying judgment was not due to intentional conduct or the result of conscious indifference on the part of the party, but was due to a mistake or accident; (2) that the party has a meritorious claim or defense; and (3) that granting a new trial will not result in delay or otherwise injure the other party. In *Rund v. Trans East, Inc.*, 824 S.W.2d 713, 717 (Tex.App.—Houston [1st Dist.] 1992, writ denied), we applied the *Hanks* elements to a bill of review where a court official misled the plaintiff into believing that a case had been retained on the court's docket, and as a result the plaintiff was prevented from filing a timely motion to reinstate.

 Nichols' petition alleged that she was prevented from filing a motion to reinstate because the court clerk failed to send notice that the dismissal order was signed. The failure of the court clerk to send notice of the signing of the judgment is equivalent

to official mistake. *Petro–Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 244–45 (Tex.1974). The petition did not allege, however, that the entry of the underlying judgment was not due to intentional conduct or the result of conscious indifference. Nor did it assert that granting a new trial would not result in delay or otherwise injure the other party.

It is noteworthy that Nichols did, in fact, file a motion to reinstate. In the motion, which was verified by Arthur, he alleged that the motion for non-suit was a clerical error committed by his secretary, and that he learned that the judgment was signed on September 21, 1992. The dismissal order was signed on August 4th. Since Arthur, as Nichols' attorney, acquired actual knowledge of the order after 20 days, but within 90 days of the date the order was signed, the motion to reinstate that was filed on September 22, 1992, was timely under Tex.R.Civ.P. 306a(4). Nichols' proper remedy was to perfect an appeal from the denial of this motion. *See Rizk v. Mayad*, 603 S.W.2d 773, 775–76 (Tex. 1980).

 Instead of appealing the denial of the motion to reinstate, Nichols waited several months and then filed a petition for bill of review that alleged different facts; namely, that the erroneous dismissal order was due to the negligence of Gordon Morgan, an associate in Arthur's office, who worked on the case, and *Nichols* didn't learn of the dismissal order until November 20, 1992, and therefore she was prevented from timely filing a motion to reinstate.[3] A timely motion to reinstate, however, was filed by Arthur on Nichols' behalf. A client is bound by the acts of his attorney. *Gracey*, 422 S.W.2d at 916. Since Arthur was undisputably Nichols' attorney of record, notice to him equals notice to her. *See* Tex.R.Civ.P. 306a(4) & (5); *Jefferson v. American Express Travel Serv. Co.*, 838 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1992, no writ). The fact that Nichols claims she did not have notice of the order until November 20, 1992, is irrelevant. She was not prevented from timely filing a motion to reinstate; when Arthur acquired actual knowledge of the order on September 21, 1992, such notice was imputed to Nichols. Arthur filed a timely motion to reinstate on Nichols' behalf and Nichols was bound by these acts. Her proper remedy was to appeal from the denial of the motion to reinstate. One with an available legal remedy who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *Rizk*, 603 S.W.2d at 775–76; *West v. Powell*, 816 S.W.2d 836, 837 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding).

It should also be noted that Nichols' petition failed to establish that she had a meritorious cause of action. Although the petition made a blanket assertion that she had a meritorious cause of action and would be deprived of her day in court if the trial court did not set aside the dismissal, the contention was not set out with particularity and was neither sworn to nor substantiated. *See Baker*, 582 S.W.2d at 408 (bill of review petitioner must allege, with particularity, *sworn facts sufficient* to constitute a defense and, as a pretrial matter, present *prima facie proof to support the contention*).

## IV. CONCLUSION

Nichols' petition failed to allege that she was prevented from prosecuting her suit by the fraud, accident or wrongful act of Eckerd or its attorney, unmixed with any fault or negligence of her or her attorney. Neither did it allege that the entry of the underlying judgment was not due to intentional conduct or the result of conscious indifference on the part of Nichols or her attorney, and that reinstating the case would not result in delay or otherwise injure Eckerd. The petition and attached proof also failed to show that Nichols was not negligent in pursuing available legal remedies. Finally, the petition failed to sufficiently establish that Nichols had a meritorious cause of action. Therefore, the trial court correctly determined that the petition failed to establish the necessary elements for bill of review relief. After the court granted Eckerd's special exceptions

---

3. November 20, 1992, fell outside of the 90–day period of protection provided by Tex.R.Civ.P. 306a(4).

and Nichols refused to amend, the trial court correctly dismissed her cause of action. *Sanchez,* 844 S.W.2d at 290–91.

We overrule Nichols' sole point of error.

We affirm the judgment of the trial court.