TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00082-CV







United States Fire Insurance Company, Appellant



v.



Mark D. Bruch, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 97-WC-179, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING








 Appellant United States Fire Insurance Company ("U.S. Fire") brings this appeal,
claiming that the district court erred in setting aside a finding by the Texas Workers'
Compensation Commission ("the Commission") against appellee, Mark D. Bruch, in a workers'
compensation dispute. Specifically, the Commission determined that a zero percent impairment
rating made by Bruch's treating physician was final at the time Bruch disputed it because more
than ninety days had elapsed since Bruch allegedly received notice of this rating by certified mail. 
Bruch had argued to the Commission that the rating was not "final" under the Texas
Administrative Code because he never received notification of the rating before the day on which
he first disputed it. Because we conclude that the district court did not err in setting aside the
Commission's determination, we will affirm the district court's judgment.

 U.S. Fire presents four points of error. In its first and second points of error, U.S.
Fire complains that the district court erred in failing to follow the substantial evidence standard
of review, and that it improperly admitted evidence. Third, U.S. Fire claims that the district court
erred in setting aside the Commission's decision, arguing that the evidence was legally insufficient
to permit that action. Finally, U.S. Fire alleges that the district court lacked the legal or statutory
authority to remand the cause to the Commission. A brief recitation of the relevant facts is needed
to put these arguments in perspective.


FACTUAL AND PROCEDURAL BACKGROUND

 Mark Bruch received injuries to his neck while working as a carpenter on August
17, 1994. At that time, U.S. Fire provided workers' compensation insurance to Bruch's
employer, Faulkner Construction Company. Dr. Brad Parker examined Bruch and referred him
to a physical therapist, from whose care Bruch was dismissed for failing to attend scheduled
therapy sessions. On April 13, 1995, Dr. Parker certified that Bruch had reached maximum
medical improvement ("MMI") and assigned him an impairment rating of zero percent. Under
the Texas Administrative Code, impairment ratings become final if not disputed within ninety days
after the rating is assigned; (1) however, the ninety-day timetable does not begin to run until a
claimant receives notice of the impairment rating. (2) Thus, the dispute between the parties stems
from when Bruch received notice of Dr. Parker's assessment of zero impairment and MMI
certification.

 At a contested case hearing held on February 10, 1997, U.S. Fire introduced in
evidence a certified mail return receipt dated May 22, 1995 that had accompanied the copy of Dr.
Parker's report mailed to Bruch. Although the letter was addressed to 780 South Brazos in
Lockhart, Bruch's correct address was 730 South Brazos. In addition, the certified mail receipt
was signed "Daniel Sullivan" or "David Sullivan." The signature is somewhat illegible, but there
is no dispute that it is not of Bruch's name. U.S. Fire also introduced unsworn transcripts of
interviews with two postal carriers; the substance of this evidence was that the carriers were
familiar with Bruch's name and address and that they would have delivered a certified letter to his
correct address even if it had listed an incorrect address.

 Bruch testified that he first learned of Dr. Parker's assessment in July of 1996
during a visit to the offices of the Commission, at which point he promptly disputed the zero
impairment rating and the MMI certification. He further testified that he never saw Dr. Parker
on April 13, 1995. To support this claim, Bruch attempted to introduce in evidence a document
purportedly demonstrating that he was not seen by Dr. Parker on that date. (3) The hearing officer
refused to consider this evidence, apparently because Bruch had failed to provide a copy of the
document to U.S. Fire in violation of section 142.13 of the Texas Administrative Code. (4)

 The contested case hearing officer did allow in evidence a printout from the
Commission's Dispute Resolution Information System ("DRIS") reflecting an entry made by an
employee on August 15, 1995. The DRIS entry states: "Mr. Bruch came in today to fill out [an
injury claim form]. I explained to him time frame in filling out [the form] and also time to dispute
impairment rating. It seems that that time frame to dispute has passed. Mr. Bruch understood."
In his written decision and order, the hearing officer discussed the importance of the DRIS entry
as establishing that Bruch had received notification long before July of 1996:


On the whole, there ordinarily would be too many breaks in the links of the chain
of truth showing how [Bruch] received notification of Dr. Parker's certification of
maximum medical improvement and impairment rating. [Bruch] says he did not
see Dr. Parker on April 13, 1995, the letter was delivered to the wrong address,
the mailmen cannot remember delivering it, there is no such address as 780 South
Brazos in [Bruch's] city, and an unknown hand signed an unknown name to the
return receipt. There the matter would lie with the finding favorable to [Bruch],
but for the very telling DRIS entry of August 15, 1995. That DRIS entry strongly
intimates that there was a conversation between [Bruch] and the Commission
employee regarding [Bruch's] certification of maximum medical improvement and
the need to dispute that and the impairment rating. With that DRIS entry the
preponderance of the evidence shifts against [Bruch] and indicates that [Bruch] had
in fact received notification of the certification of maximum medical improvement
and impairment rating.



The hearing officer concluded: (1) that Bruch had received notice of Dr. Parker's certification of
maximum medical improvement and impairment rating on May 22, 1995; (2) that Bruch did not
dispute Dr. Parker's evaluation until July 29, 1996, long past the 90-day period after which it
became final; and (3) that Bruch had not shown good cause for his failure to dispute it.

 The Appeals Panel affirmed the contested case hearing officer's decision and order. 
Specifically, it approved the hearing officer's refusal to consider Bruch's documentary evidence
that he never saw Dr. Parker on April 13, 1995. The panel noted that Bruch did not give the
hearing officer any explanation for his failure to provide a copy of the document to U.S. Fire, and
that because Bruch had not shown good cause for this failure, the officer acted properly in refusing
the document. The panel further noted that even if Bruch had introduced the document as
evidence that he had never seen Dr. Parker on April 13, 1995, that fact would not change the
outcome because Bruch had notice of Dr. Parker's evaluation and failed to dispute that finding
within the required 90-day period.

 Bruch then filed suit in the district court to appeal the Commission's ruling that Dr.
Parker's conclusions became final before he disputed them. In the district court, Bruch called as
a witness Linda Jones, Postmaster of the Lockhart Post Office. Over U.S. Fire's objection,
Postmaster Jones testified that she was unable to find any record showing that the certified mail
letter of May 22, 1995 was ever delivered. Bruch also announced his intention to call Dr. Parker
as a witness. However, after hearing Postmaster Jones' testimony, the district court concluded
that Bruch had never received notification, and set aside both the decision of the Appeals Panel
and the MMI certification of Dr. Parker. U.S. Fire now appeals the district court's decision.

DISCUSSION

 We review the Commission's decision in this case under the "substantial evidence"
rule. See Tex. Lab. Code Ann. § 410.255 (West 1996); Tex. Gov't Code Ann. § 2001.174 (West
1997). Under this standard, an agency's ruling will only be disturbed if the agency's action is not
reasonably supported by substantial evidence in the record or if the agency's action was arbitrary,
capricious, or an abuse of discretion. See Public Util. Comm'n of Texas v. Gulf States Utils. Co.,
809 S.W.2d 201, 210-11 (Tex. 1991). If the evidence is such that reasonable minds could not
have reached the same conclusion the Commission did, then its decision is not supported by
substantial evidence. See Sanchez v. Huntsville Indep. Sch. Dist., 844 S.W.2d 286, 290 (Tex.
App.--Houston [1st Dist.] 1992, no writ). Substantial evidence is more than a mere scintilla, but
less than a preponderance of the evidence; therefore, the evidence may preponderate against the
agency's decision but still amount to substantial evidence. See Texas Health Facilities Comm'n
v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).

 Our inquiry is whether the Commission's decision is reasonably supported by
substantial evidence in view of the reliable and probative evidence in the record as a whole. See
Gulf States Utils., 809 S.W.2d at 211. In determining whether there is substantial evidence, the
reviewing court may not substitute its judgment for that of the agency, but must consider only the
record upon which the decision is based. See Texas State Bd. of Dental Examiners v. Sizemore,
759 S.W.2d 114, 116 (Tex. 1988) (citing Railroad Comm'n v. Entex, Inc., 599 S.W.2d 292, 298
(Tex. 1980)). If the Commission's decision was not reasonably supported by substantial evidence,
or if reasonable minds could not have arrived at the same conclusion the Commission did, the
district court did not err in setting aside the Commission's decision. However, if the
Commission's decision was supported by substantial evidence, then the district court erred in
setting it aside.

 U.S. Fire argues that the district court erred in failing to follow the "substantial
evidence" standard of review. The district court apparently regarded U.S. Fire's proof that Bruch
had received notification by the May 22, 1995 certified letter as insufficient. This evidence, in
the form of unsworn transcripts of interviews with two postal carriers, was little more than the
postal carriers' speculation that they would have delivered the letter to Bruch's correct address if
they had handled it. Neither claimed to have delivered the certified letter at issue. Furthermore,
the return receipt signed "Daniel Sullivan" or "David Sullivan" does not constitute any evidence
that Bruch received Dr. Parker's report; if anything, the receipt indicates that Bruch did not
receive it.

 We need not address U.S. Fire's claim that the district court erred in considering
the live testimony of Postmaster Jones, because the postal carrier interviews and certified return
receipt amount to only a scintilla of evidence that the certified letter was delivered. Thus, the
district court's evaluation of the May 22 notification was correct, even if it should not have
admitted Postmaster Jones' testimony in order to reach that conclusion. In light of the fact that
the evidence was insufficient to support a finding that Bruch received notice by certified mail, we
also need not address U.S. Fire's claim that the district court violated the substantial evidence
standard of review on the issue of whether Bruch received notification by certified letter of May
22, 1995. Points of error one and two are overruled.

 As the Appeals Panel pointed out, the issue of whether the certified letter was
delivered to Bruch is irrelevant if he received notice from the Commission employee on August
15, 1995. That is, if Bruch learned of Dr. Parker's zero impairment rating and MMI certification
on August 15, then these conclusions were final under section 130.5(e) of the Administrative Code
long before Bruch disputed them on July 29, 1996. See 28 Tex. Admin. Code § 130.5(e) (West
1998). As the contested case decision and order reflects, the hearing officer believed that the
evidence concerning the certified mail receipt was not sufficient to show notice on May 22, but
thought the DRIS entry sufficiently proved that Bruch had notice on August 15. The officer
concluded that the "very telling DRIS entry of August 15, 1995 . . . strongly intimates that there
was a conversation between [Bruch] and the Commission employee regarding [Bruch's]
certification of maximum medical improvement and the need to dispute that and the impairment
rating."

 We do not view the DRIS entry alone as sufficiently reliable and probative to
constitute substantial evidence to support a finding that Bruch had notice on August 15. While
Bruch asserts the DRIS entry is hearsay, it is not the document's hearsay status that troubles us,
since unobjected-to hearsay does not lack probative value. See Tex. R. Evid. 802;
Guerrero-Ramirez v. Texas State Bd. of Medical Examiners, 867 S.W.2d 911, 921 (Tex.
App.--Austin 1993, no writ). The problem is that the DRIS entry does not provide enough detail
to allow a reasonable person to determine what, if anything, Bruch was given notice of on August
15. It simply states: "Mr. Bruch came in today to fill out [an injury claim form]. I explained to
him time frame in filling out [the form] and also time to dispute impairment rating. It seems that
that time frame to dispute has passed. Mr. Bruch understood."

 It is unclear from this entry exactly what Bruch purportedly "understood"; he may
have understood only how to fill out the form, or that a time limit on filing a claim did exist. 
Nowhere does the entry indicate that Bruch was informed that Dr. Parker had given him a zero
impairment rating or MMI certification. Thus, Bruch might have indicated that he understood that
the time frame had passed without having received any notice of what his impairment rating
actually was. The DRIS entry's general assertion that "Mr. Bruch understood" does not provide
enough information to clarify these ambiguities.

 The DRIS entry was the only evidence introduced by U.S. Fire suggesting that
Bruch received notice on August 15, 1995. Bruch testified at the contested case hearing that he
had no recollection of being informed of Dr. Parker's evaluation. If U.S. Fire had wanted to
establish notice on this date, it would have been far better to have the live testimony of the
employee with whom Bruch is alleged to have conversed, in order to provide a clearer picture of
exactly what Bruch was told. However, no live witnesses testified except for Bruch himself. 
Although we agree that the DRIS entry suggests that Bruch was told something on that date, vague
intimations do not constitute substantial evidence. Since there was not substantial evidence that
Bruch received notice on either May 22 or August 15 of 1995, and U.S. Fire did not attempt to
show that he received notice at any other time, the district court did not err in setting aside the
Commission's decision. U.S. Fire's third point of error is overruled.

 In its final point of error, U.S. Fire argues that the district court lacked authority
to set aside the Commission's decision. The district court was required to review the
Commission's decision under the "substantial evidence" standard, which is set forth in the
Government Code as follows:


If the law authorizes review of a decision in a contested case under the substantial
evidence rule or if the law does not define the scope of judicial review, a court may
not substitute its judgment for the judgment of the state agency on the weight of the
evidence on questions committed to agency discretion but:


 (1) may affirm the agency decision in whole or in part; and

 (2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are:


 (A) in violation of a constitutional or statutory provision;

 (B) in excess of the agency's statutory authority;

 (C) made through unlawful procedure;

 (D) affected by other error of law;

 (E) not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole; or

 (F) arbitrary or capricious or characterized by abuse of discretion or
clearly unwarranted exercise of discretion.



See Tex. Gov't Code Ann. § 2001.174 (West 1997) (emphasis added). Section 2001.174(2)(E)
clearly authorizes a court to reverse or remand an agency's decision if it is "not reasonably
supported by substantial evidence considering the reliable and probative evidence as a whole." 
Id. The Commission's conclusion that Dr. Parker's zero impairment rating and MMI certification
were final by the time Bruch disputed them was not based on substantial evidence. Therefore, the
district court acted within the statutory authority set out in section 2001.174(2)(E) in setting aside
the Commission's decision. Point of error four is overruled.

 Having overruled U.S. Fire's four points of error, we affirm the judgment of the
district court setting aside the decision of the Commission.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 8, 1998

Do Not Publish

1. See 28 Tex. Admin. Code § 130.5(e) (West 1998).
2. The Benefits Review Officer cited Appeals Panel Decision No. 92693 as authority for this
rule.
3. On February 14, 1997, Dr. Parker sent the Commission a letter in which he acknowledged
that he had not seen Bruch on April 13, 1995, and rescinded his previous zero impairment rating. 
However, it does not appear that either the hearing officer or the Appeals Panel considered this
letter in their respective decisions.
4. The Texas Administrative Code requires parties to exchange documentary evidence as it
becomes available. See 28 Tex. Admin. Code § 142.13(c)(3) (West 1998). The hearing officer
apparently refused Bruch's offer of the document at the contested case hearing because Bruch had
not given a copy to U.S. Fire and could not demonstrate good cause for this failure.


995, and U.S. Fire did not attempt to
show that he received notice at any other time, the district court did not err in setting aside the
Commission's decision. U.S. Fire's third point of error is overruled.

 In its final point of error, U.S. Fire argues that the district court lacked authority
to set aside the Commission's decision. The district court was required to review the
Commission's decision under the "substantial evidence" standard, which is set forth in the
Government Code as follows:


If the law authorizes review of a decision in a contested case under the substantial
evidence rule or if the law does not define the scope of judicial review, a court may
not substitute its judgment for the judgment of the state agency on the weight of the
evidence on questions committed to agency discretion but:


 (1) may affirm the agency decision in whole or in part; and

 (2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are:


 (A) in violation of a constitutional or statutory provision;