Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed
and Memorandum Opinion filed April 6, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01177-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

C.O. BRADFORD, Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 04-14922

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Ivo Nabelek (ANabelek@), appeals the
denial of his petition for bill of review. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.

I.  Factual and Procedural History








In 1999, Nabelek filed suit against C. O.
Bradford (ABradford@) and the City of
Houston, seeking, inter alia, recovery of personal property seized by the
police in connection with Nabelek=s arrest for
aggravated sexual assault of a child and possession of child pornography.  The trial court granted summary judgment in
favor of Bradford and the City on January 16, 2001.  Nabelek appealed, and the judgment was
affirmed.  Nabelek v. Bradford, No.
14-01-00240-CV, 2002 WL 1438662 (Tex. App.CHouston [14th
Dist.] August 22, 2002, pet. denied) (memo op.), cert. denied, 540 U.S.
802 (2003).

On March 24, 2004, Nabelek filed a
petition for bill of review, seeking review of the same summary judgment that
was the subject of his prior appeal.[1]  The trial court denied and dismissed Nabelek=s petition with
prejudice on October 18, 2004, and this appeal ensued.

II.  Issues

The trial court denied Nabelek=s petition for
bill of review on the grounds that the claims he presented had already been
timely appealed.  Nabelek contends the
trial court abused its discretion in denying his petition for bill of review
because (1) the express terms of Texas Rule of Civil Procedure 329b do not
prohibit a bill of review after the petitioner has timely appealed the case,
and (2) a bill of review remains available after all appeals have been
exhausted if the appellate courts failed to address an issue raised by the
petitioner in his timely appeal.  Because
the position urged by Nabelek is contrary to existing law, we affirm. 

III.  Standard of Review








In reviewing the grant or denial of a bill
of review, we will not disturb the trial court=s ruling absent an
abuse of discretion.  Interaction Inc.
v. State, 17 S.W.3d 775, 778 (Tex.
App.CAustin 2000, pet. denied).  A trial court abuses its discretion if it has
acted in an unreasonable or arbitrary manner, or without reference to any
guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex.1991). 

IV.  Analysis

A bill of review is an equitable
proceeding by a party to a former action who seeks to set aside a judgment that
is no longer appealable or subject to a motion for new trial.  Baker v. Goldsmith, 582 S.W.2d 404,
406 (Tex. 1979).  A bill of review
complainant must prove three elements: (1) a meritorious claim or defense; (2)
that he was prevented from asserting by the fraud, accident, or wrongful act of
his opponent or by official mistake; and (3) the absence of fault or negligence
of the complainant.  Caldwell v.
Barnes, 975 S.W.2d 535, 537 (Tex. 1998); Nichols v. Jack Eckerd Corp.,
908 S.W.2d 5, 8 (Tex. App.CHouston [1st
Dist.] 1995, no writ).  Though these
elements are not recited in Rule  329b,
Nabelek acknowledged in his petition for bill of review that he was required to
prove each of these elements in order for his petition to be granted.  Nevertheless, Nabelek argues on appeal that
the trial court=s denial of his petition was an abuse of
discretion because Rule 329b does not expressly prohibit a bill of review after
the petitioner has timely appealed the case.

This argument is without merit.  Rule 329b, addressing the time for filing
motions, states that after the trial court loses its plenary power, Aa judgment cannot
be set aside by the trial court except by bill of review for sufficient cause,
filed within the time allowed by law . . . .@  Tex.
R. Civ. P. 329b(f).  In other
words, the rule explains that a judgment can be set aside by a bill of review
under certain conditions constituting Asufficient cause,@ but it does not
identify those conditions.   To learn
what constitutes Asufficient cause,@ we must turn to
case law.  It is in the case law, as
Nabelek implicitly acknowledges, that we find the three elements that a
petitioner must prove in order to succeed. 
Nabelek has not established the three required elements.  We therefore overrule Nabelek=s first issue.








The trial court correctly concluded that
Nabelek would be unable to prove the second of the three required
elements.  Generally, bill of review
relief is available only if a party has exercised due diligence in pursuing all
adequate legal remedies against a former judgment and, through no fault of its
own, has been prevented from making a meritorious claim or defense by the
fraud, accident, or wrongful act of the opposing party.  Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999) (per curiam). 
Although Nabelek diligently pursued all adequate legal remedies, he has
not been prevented from asserting his claims or defenses.  To the contrary, he has in fact asserted them
before the trial court and the appellate court.   In his appellate brief, Nabelek concedes
that he is complaining of the same errors with the same arguments that he
addressed to this court during the prior appeal.  A bill of review may not be used as an
additional remedy by a litigant who has made a timely but unsuccessful
appeal.  See Rizk v. Mayad, 603
S.W.2d 773, 776 (Tex. 1980); McIntyre v. Wilson, 50 S.W.3d 674, 679
(Tex. App.CDallas 2001, pet. denied).  We therefore overrule Nabelek=s second issue. 

V.  Conclusion

Because Nabelek=s petition for
bill of review attempts to re-litigate a timely but unsuccessful appeal in
contravention of settled law, we affirm the judgment of the trial court.

 

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.         











[1]  Although
Nabelek=s petition in the court below was styled as Ivo
Nabelek v. C. O. Bradford, et al., and appears to incorporate as defendants
those parties who were also defendants in the prior case (i.e., Bradford and
the City of Houston), his appellate brief bears the caption Ivo Nabelek v.
Clarence O. Bradford, Chief, City of Houston Police Department, and City of
Houston, and Lee P. Brown, Mayor, City of Houston, and Other Unnnamed and Yet
Unknown City of Houston Officials. 
Even if we read the petition as including the City, a defendant in the
prior case, there is no indication in the record before us that the City was
served in this action, nor does the record show that Mayor Brown or unnamed
city officials were parties to either action at any time.