# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00437-CV

**Regina Long, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
NO. 73644, HONORABLE REBECCA DEPEW, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant, Regina Long, requests permission to bring a permissive appeal of an interlocutory order pursuant to section 51.014(d) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2011) (trial court may permit appeal from otherwise unappealable order under certain prescribed circumstances); *see also* Tex. R. App. P. 28.3(a) (requiring party seeking to pursue permissive appeal of interlocutory order to petition court of appeals for permission to appeal). We will deny the request.

### BACKGROUND

After an April 27, 2012, bench trial, a Bell County justice of the peace rendered a forfeiture order that transferred possession of 18 dogs owned by Long to the Animal Control Unit of the Bell County Sheriff's Office. Long states that she perfected an appeal to the county court at law by filing a notice of appeal and posting a bond. According to Long, the clerk's record was

received in the county clerk's office on May 10, 2012. On June 7, Long filed a motion to dismiss the case for "lack of prosecution."[1]

After a hearing, the trial court denied the motion to dismiss in an order dated June 26, 2012. The order states:

> On the 14th day of June, 2012, the Court heard the Defendant's Motion to Dismiss for Lack of Prosecution.
>
> After hearing argument of counsel and considering the evidence the Court finds that the Defendant's Motion to Dismiss is DENIED.
>
> The Court further grants a three month continuance of the case and GRANTS PERMISSION for the Defendant to file an Interlocutory Appeal.

Long filed a notice of appeal on July 5 and five days later filed in this Court a document titled "Petition for Review of Interlocutory Order."

## DISCUSSION

Civil practice and remedies code section 51.014(d) provides that:

> [A] trial court may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an

---

[1] An appeal from a justice court, unlike other appeals, is tried de novo in the county court at law. Tex. R. Civ. P. 574b. When a justice court's judgment is appealed, the parties must proceed as though the judgment of the justice court had not been rendered. *Villalon v. Bank One*, 176 S.W.3d 66, 69-70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In such appeals, the judgment of the justice court is vacated and the plaintiff has the burden of proving his case again. *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 289 (Tex. App.—Houston [1st Dist.] 1992, no writ).

immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). Rule 168 of the rules of civil procedure, which implements section 51.014(d), provides:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. *The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion*, *and must state why an immediate appeal may materially advance the ultimate termination of the litigation.*

Tex. R. Civ. P. 168 (emphasis added).

In the present case, although the challenged order expressly grants permission to appeal the order, it does not identify the controlling question of law at issue. While it might be inferred from the reporter's record that the trial court intended to grant permission for this Court to determine whether the county court's failure to dispose of the case within 10 days after receiving the clerk's record contravened health and safety code section 821.025(d) and thus required dismissal, the order does not expressly so state.[2] Rule 168 plainly requires the court, in the portion of the order

---

[2] Health and safety code section 821.025(d) provides:

> Not later than the 10th calendar day after the date the county court or county court at law, as appropriate, receives a copy of the clerk's record, the court shall consider the matter de novo and dispose of the appeal. A party to the appeal is entitled to a jury trial on request.

Tex. Health & Safety Code Ann. § 821.025(d) (West Supp. 2011).

3

that grants permission to appeal, to identify the controlling question of law at issue. Here, the order simply recites that the motion to dismiss for lack of prosecution is denied and that permission to file an interlocutory appeal is granted. The order does not provide any further information regarding the basis for the motion to dismiss or the court's reason for denying it. Moreover, in her request for permission to appeal filed in this Court, Long argues that the trial court lacked *jurisdiction* over the case. But the order she requests permission to appeal is one that denies, for unstated reasons, a motion to dismiss for "lack of prosecution."[3]

## CONCLUSION

The trial court's order granting permission to appeal does not comply with rule 168 of the Texas Rules of Civil Procedure. Moreover, there is an apparent discrepancy between the trial court's order denying a request to dismiss the case for "lack of prosecution" and the arguments contained in Long's petition regarding whether the trial court had lost jurisdiction. For these reasons, we deny the petition seeking permission to appeal the interlocutory order. Because Long also filed a notice of appeal in this cause, thereby invoking this Court's jurisdiction, *see* Tex. R. App. P. 25.1(b), we dismiss the appeal for lack of jurisdiction.

---

[3] We also note that complaints that a trial court acted beyond its jurisdictional authority may properly be brought through a petition for writ of mandamus. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (mandamus proper if trial court issues order beyond its jurisdiction) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)); *see also In re Strachan*, No. 05-12-00640-CV, 2012 WL 1833895, at *1 (Tex. App.—Dallas May 21, 2012, orig. proceeding) (pursuant to health and safety code section 821.025(d) county court at law lost jurisdiction ten days after it received clerk's record in appeal from justice court's forfeiture order).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   July 25, 2012