James N. GRACE, D/B/A Grace Pest Control, Appellant,

v.

STRUCTURAL PEST CONTROL BOARD OF TEXAS, et al., Appellees.

No. 6281.

Court of Civil Appeals of Texas, Waco.

May 28, 1981.

First Rehearing Denied June 25, 1981.

Second Rehearing Denied July 30, 1981.

Ralph W. Yarborough, Austin, for appellant.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Douglas G. Caroom, David J. Preister, Asst. Attys. Gen., Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from judgment of the trial court affirming an order of the Structural Pest Control Board reprimanding James N. Grace in an Administrative Procedure Act Case.

On October 8, 1976, the Board cited Grace for 3 alleged violations of the Texas Pest Control Act, viz: 1) Failure to register or pay license fees for employees; 2) making a pesticide application inconsistent with the label; and 3) performing work in a category for which not certified.

Grace challenged the proceeding on jurisdictional grounds. After hearing on February 17, 1977, and a meeting on April 8, 1977, the Board found Grace innocent of making a pesticide application inconsistent with the label; but found him guilty of 1) failing to register or pay license fees for employees; and 2) performing work in a category for which not certified; and reprimanded him for such violations.

Grace thereafter filed suit in the trial court against the Board asserting the Board without jurisdiction; that he was denied procedural due process in a number of instances; sought to have the Board's order voided; and the Board permanently enjoined from taking further action against him based on any transactions involved in this case.

Trial was before the court which rendered judgment finding the Board had jurisdiction; finding there was no violation of procedural due process in the course of the proceeding requiring a remand to the Board; decreeing the Board's order reprimanding plaintiff for the two violations of which he was found guilty, be affirmed; and denying plaintiff all relief sought.

Plaintiff Grace appeals on 16 points.

Plaintiff Grace is in the pest control business. Since 1972 he had been licensed in all categories offered by the Structural Pest Control Board except the "lawn and ornamental category". From 1973 until 1975 plaintiff listed his employees and paid his employees' registration fees in accordance with the rules and regulations of the Board. The March 1976 application of plaintiff list-

ed no employees, and paid no fees. On June 8, June 15 and July 26, 1976, William Temple, an employee of plaintiff, sprayed Dursban II–E into trees and shrubs adjacent to the Apartment Center in Fort Worth. On July 26, 1976, Mr. Temple sprayed a tree located next to a plank fence. On the other side of the fence drops of the pesticide fell onto Allison Gaskins, a 15 year old girl who was sun-bathing. The girl developed physical problems; filed a damage suit against plaintiff Grace; resulting in plaintiff Grace being investigated by the Board. Plaintiff learned of the investigation and in August 1976 sent the Board the required employee registration and $20.00 filing fee for Temple and another employee who was not registered. The Board received and accepted same on August 26, 1976. And on August 25, 1976 plaintiff secured licensing authorizing him to apply pesticides to ornamental plants.

On October 8, 1976 the Board instituted a license revocation proceeding against plaintiff charging him with 3 violations of Board regulations: 1) Failure to register and pay license fees on employees; 2) making a pesticide application inconsistent with the label; and 3) performing work in a category for which not certified.

The Board met on February 17, 1977, appointed Mr. Linward Shivers, an Assistant Attorney General of Texas, as Hearing Examiner "to conduct a hearing consistent with the rules and regulations of the Structural Pest Control Board and the Texas Register and Administrative Procedure Act. In that regard, his functions would include ruling on the admissibility of the evidence presented on the arguments of legal counsel. His functions would not include preparing any written findings of fact or conclusions of law since the Structural Pest Control Board members will sit and hear evidence simultaneously with the Hearing Examiner, and they will therefore assume that obligation".

The Board heard the evidence adduced by the parties; then reconvened on April 8, 1977 to vote on the charges filed against plaintiff. As noted, the Board found plaintiff guilty of two of the charges and innocent of the third. The Board then considered penalty and did not order revocation or suspension of license, but did order plaintiff reprimanded.

Plaintiff's Points 1 through 4 assert the trial court erred in holding the Board had jurisdiction in its hearing in his case because of failure to give him warning notice and opportunity to comply with Rules as required by Article 6252–13a, See 18(c) VATS.

Section 18(c) states: "No revocation, suspension, annulment or withdrawal of any license is effective unless, prior to the institution of agency proceedings, the agency gave notice by personal service or by registered or certified mail to the licensee of facts or conduct alleged to warrant the intended action, and the licensee was given an opportunity to show compliance with all requirements of law for the retention of the license".

Plaintiff asserts the foregoing requires the Board, prior to institution of agency proceedings, to notify plaintiff of the alleged violations and allow plaintiff an opportunity to demonstrate compliance with the regulations. Plaintiff asserts that his interpretation is jurisdictional, and that unless the Board gives advance notice of alleged violation, and gives the licensee a "second chance" to comply with the regulations, that the Board has no jurisdiction to proceed against the licensee.

Here it is undisputed that plaintiff did not register or pay license fees on two employees from March 1976 until August 1976; and that one of the unregistered employees performed work on June 8, June 15, and July 26, 1976 in a category for which plaintiff was not certified. It is further undisputed that when plaintiff learned he was being investigated by the Board, that he sent in registration and license fees for his employees, and became certified in the category in which the June and July work had been performed, on August 25 and August 26, 1976. The proceeding by the Board against plaintiff was formerly initiated on October 8, 1976.

Plaintiff asserts that not only did the Board deny him a second chance to comply with the law, but that the Board initiated revocation proceedings against a licensee when he was in full compliance with the law and had been in full compliance for at least one full month prior to commencement of the proceedings.

■ We think Section 18(c) requires notice and opportunity to be heard; notice of facts or conduct which allegedly warrant license suspension or revocation, and an opportunity to participate and defend at a hearing, and an opportunity to show that no requirements of the law for the retention of the license were ever violated.

■ Plaintiff was given notice of the violations; it is without dispute that two occurred; we reject plaintiff's interpretation; overrule Points 1 through 4; and hold the Board had jurisdiction.

Plaintiff's 5th through 16th points assert the trial court erred in denying plaintiff procedural due process in violation of the Texas and United States Constitutions in several instances.

■ In addition to substantial evidence to support the action of an administrative agency, the proceedings of the agency must meet the requirements of due process of law and the rudiments of fair play, in order to be upheld. This is not to say that an order of an administrative agency is always insecure in court if the hearing examiner has made mistakes in the admission or exclusion of evidence, or in other respects. Nor is it to say that the administrative hearing must measure up to judicial standards. But it is to say the hearing must not be arbitrary, and must not be inherently unfair. *Lewis v. Metropolitan S. & L. Ass'n*, Tex., 550 S.W.2d 11.

■ Plaintiff asserts that he was denied due process of law in the appointment of a "hearing examiner" to conduct the Board's hearing.

We think Section 15, Article 6252–13a contemplates the appointment of a hearing examiner in a contested case. While there is no express provision in the Texas Structural Pest Control Act authorizing it to appoint a hearing examiner (as there is some of the other Statutes creating administrative agencies) we think the Board's appointment of a hearing examiner in this case not a violation of procedural due process or inherently unfair. From the record as a whole we think the hearing examiner rendered an exceptionally fair and fine performance within the guidelines of his appointment (heretofore set out); and that no denial of procedural due process or fair play is manifested in his appointment or conduct.

■ Plaintiff asserts the Board's attorney's statement to the Board "Mr. Chairman, I am acting in the capacity of your general counsel, and also the fellow who prosecutes this case", denied plaintiff procedural due process. Plaintiff asserts that the Board's counsel's statements and actions destroyed the Board's independence; rendered it other than an impartial tribunal, tipped the scales of justice against him, and improperly influenced the Board.

The full statement made by the Board's attorney was: "Mr. Chairman, I am acting in the capacity as a general counsel and also the fellow who prosecuted this case. I try not to argue the case, I only try to talk in terms of advising the Board of how to proceed procedurally, that I perceive to be my function, and I tell you how to proceed procedurally without telling you what substance and conclusions to come to. Mr. Yarborough on the other hand, argues his case all the time so there is a difference between when we talk".

From the foregoing, as well as from the record as a whole, we find no denial of procedural due process or fair play in the statements or conduct of the Board's counsel.

■ Plaintiff asserts he was denied procedural due process by upholding the Board's action in devoting most of the hearing to injuries alleged to have been sustained by Allison Gaskins; that such was prejudicial to plaintiff and offered mainly to prove negligence for use in a $1,000,000

damage suit against plaintiff, based on negligence, and not on violation of a Board rule.

Such evidence was introduced to sustain the charge plaintiff made improper application of a pesticide. Plaintiff was vindicated of this complaint by the Board. No denial of procedural due process or fair play is shown.

All of plaintiff's points and contentions have been considered and are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

### OPINION ON REHEARING

Section VIII of appellant's motion for rehearing asserts we erred in holding valid the Board's punishment of reprimand because "Article 135b–6, Sec. 9(a) * * gives it powers *only*[1] to punish to 'suspend or revoke a license, refuse to examine an applicant, refuse to issue a license, or refuse to renew a license' * * ".

Section 599.1 of Chapter 591, Part XXV Texas Structural Pest Control Board, of the Texas Administrative Code, p. 850, gives the Board the power to reprimand.

Moreover, the foregoing was assigned for the first time in appellant's motion for rehearing and cannot be considered. *Wright v. Gernandt*, Tex.Civ.App. (Corpus Christi) NWH, 559 S.W.2d 864; *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979; *Newman v. King*, Tex., 433 S.W.2d 420.

Section IX of appellant's motion for rehearing asserts we erred in holding valid punishment voted by the board, "because the only punishment voted by the Board * * was on motion to reprimand Plaintiff, and that if such action occurs in the future his license will be removed or suspended".

The Board's Order contains no such language and orders appellant reprimanded only.

Appellant's motion for rehearing is overruled.

1. Emphasis added.