**Kenneth Alan YORKO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–442CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 1, 1984.

Discretionary Review Granted Oct. 17, 1984.

Mike Maness, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

Kenneth Alan Yorko (Yorko or appellant) was convicted of possession with intent to sell, an obscene device, a dildo, under TEX. PENAL CODE ANN. § 43.23(c)(1). Appellant did not submit a statement of facts on appeal, and proceeds solely upon the transcript. In two grounds of error, appellant claims TEX.PENAL CODE ANN. §§ 43.-23(a) and 43.23(c)(1) are unconstitutional. He asserts they violate a right to privacy guaranteed under the Fourteenth Amendment to the Constitution of the United States,

and are an excessive use of police power under the Texas Constitution.

■ The right of citizens to possess obscene materials in their homes does not create a right to sell that material publicly. Appellant cites many instances where a federally protected right to privacy may be found. However, there are no cases where a right of privacy has been extended to public sale of obscene material. The United States Supreme Court has stated that there is no privacy right implicit in obscene displays in public places. *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 66, 93 S.Ct. 2628, 2640, 37 L.Ed.2d 446 (1973). The right to privately possess obscene material is simply not at issue when such material is offered for sale to the public. *Goodwin v. State,* 514 S.W.2d 942, 944 (Tex.Crim.App. 1974).

■ State regulation of obscenity is not a constitutionally impermissible attempt to control the thoughts of its citizens. *Paris Adult Theatre,* 413 U.S. at 66, 93 S.Ct. at 2640.

"The States have the power to make a morally neutral judgment that public exhibition of obscene material, or commerce in such material, has a tendency to injure the community ,as a whole ..."

*Id.* at 69, 93 S.Ct. at 2641. This decision also reaffirmed the holding in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), that obscene material has no protection under the First Amendment.

■ In asserting the privacy rights of his customers, Yorko asks us to rule that the state has exceeded its power to define obscenity. He asserts that dildoes are distinctly different from other commercial obscenity, and that the state has no compelling interest in banning the sale of dildoes.

Whether or not sexual devices may properly be defined as obscene was implicitly ruled upon by the United States Supreme Court when *Sewell v. Georgia,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978) was dismissed for want of a substantial federal question. The device in that case was an artificial vagina. In trying to distinguish a sexual device from other commercial obscenity, appellant is not only attacking the result in *Sewell,* but is also indirectly attacking the power of the state to define obscenity. Conceptually, it is possible to imagine situations where the state's power to define obscenity would be abusive, but this is not one of those cases.

The role of the legislature in defining obscenity was established in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The Supreme Court ruled the states were to develop their own standards as to precisely what "prurient interest" or "patently offensive" means when judging allegedly obscene material. *Id.* at 30, 93 S.Ct. at 2618. Appellant urges us to rule that the Texas Legislature has exceeded its power under *Miller* by defining dildoes as obscene.

■ Beyond its holding in *Sewell,* the Supreme Court gave some indication in *Miller* that a state legislature could determine that sexual devices are obscene. The Court gave several examples of what activities might properly be condemned, and included the example of "lewd exhibition of the genitals." We hold that by making commercial distribution of dildoes a criminal offense, the legislature did not exceed its mandate under *Miller.* A dildo is not far removed from "lewd exhibition of the genitals". It is clear that the legislature was well within its role as set down in *Miller.*

■ Having determined that a dildo may properly be defined as obscene, there is no need to prove whether the state has a compelling interest in banning their sale. "States have a long recognized legitimate interest in regulating the use of obscene material in local commerce and in all places of public accommodation, ..." *Paris Adult Theatre,* 413 U.S. at 57, 93 S.Ct. at 2635. Appellant argues that prosecution for sale of a dildo is nonsensical; that the state cannot articulate any reason, compelling or otherwise, why sale of dildoes should be banned. But articulation of a compelling

interest is not necessary when obscenity is at issue. The fact of obscenity is reason in itself for its prohibition from public commerce. The only practical effect of these laws may well be to raise the price of dildoes to the frustrated few finding need of them but, it is not our function to "second guess" the legislature in this regard. Appellant's ground of error is overruled.

■■■ Appellant asserts that TEX. CONST. art. I, § 19 guarantees broader *due process protection for substantive economic* rights than does the United States Constitution. In general we agree with this proposition but not as applied to this case. He cites *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597 (1957) and contends that the state exceeded its legitimate police power by seizing the dildo from Yorko. Since there is no record in this case, we cannot assume there was a taking or a seizure. A seizure would not have been necessary to prosecute Yorko under the obscenity statute. We overrule the point.

■■■ We hold that TEX. PENAL CODE ANN. § 43.23(a) and 43.23(c)(1) are not unconstitutional under either the United States or Texas Constitutions. Appellant's two grounds of error are overruled.

The judgment of the trial court is affirmed.