**UNITED INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Andres GONZALEZ, Appellee.**

**No. 04-94-00413-CV.**

Court of Appeals of Texas, San Antonio.

Oct. 18, 1995.

Rehearing Denied Oct. 18, 1995.

---

Ricardo De Anda, Law Offices of Ricardo De Anda, Laredo, Gustavo L. Acevedo, Jr., Schulman, Walheim, Heidelberg & Acevedo, Inc., San Antonio, Wallace B. Jefferson, Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellant.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

GREEN, Justice.

The court's opinion delivered August 31, 1995 is withdrawn and this opinion is substituted.

Andres G. Gonzalez[1] was expelled from United High School in Laredo for assaulting

1. Suit was brought by Andres Gonzalez, father of Andres G. Gonzalez, as Next Friend. For simplicity, Mr. Gonzalez and his son, Andres G. Gonzalez will be referred to as "Gonzalez."

a teacher. The United Independent School District's Board of Trustees affirmed the hearing officer's decision to expel Gonzalez. Gonzalez appealed the school board's decision, petitioning the district court for a trial *de novo*, a declaratory judgment, and damages. The trial court declared the expulsion void, ordered United I.S.D. ("United") to permit Gonzalez to make up missed class work during summer school free of charge, and awarded attorney's fees to Gonzalez' attorney. United I.S.D. appeals, contending the trial court erred by conducting a "pure" trial *de novo* instead of a substantial evidence *de novo* review and challenging the legal and factual sufficiency of the evidence supporting the findings of wrongful expulsion, violation of Gonzalez' due course of law rights, and violation of the Texas Open Meetings Act. We reverse and render.

Initially, Gonzalez petitioned the district court for a trial *de novo* requesting immediate reinstatement during the pendency of this case. Gonzalez contended the expulsion was void because the suspension/expulsion process, as implemented by the district, violated his due course of law rights. He subsequently amended his pleadings, adding a request for declaratory judgment voiding the expulsion because it violated his due course of law rights and the Texas Open Meetings Act and resulted from fraud, bad faith and abuse of discretion by the school board. Pleading further, Gonzalez also sought damages for mental anguish and attorney's fees.

Gonzalez intervened in an altercation on the grounds of United High School. During the incident, Gonzalez shoved a teacher, and the school's assistant principal assessed a six-day suspension as a result.[2] The offended teacher filed assault charges with the police and Gonzalez was arrested. Pursuant to his suspension for assaulting a teacher, the school notified Gonzalez a formal on-campus hearing would be held that could result in his expulsion. The United hearing officer expelled Gonzalez for the remainder of the school year and Gonzalez appealed to the school district's Board of Trustees. Gonzalez requested that the expulsion be considered in an open meeting and the board complied. After evidence relating to Gonzalez' suspension was presented at the school board meeting, the board president recessed the open meeting and the board went into executive session. When the open meeting resumed, the Board of Trustees unanimously voted to uphold the expulsion shortening it to the rest of the semester. The appeal to the trial court followed.

▆▆▆ Before we reach United's points of error certain procedural matters must be addressed.[3] We note at the outset that no right to appeal the decision of an administrative agency exists unless such right is statutorily created or the complained of action violates a person's constitutional rights. *Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy,* 514 S.W.2d 237, 239 (Tex.1974). Where, as here, the legislature has created a method of appeal from a school board's expulsion decision, the statutorily prescribed provisions are mandatory and exclusive and must be complied with fully or the action is not maintainable, for lack of jurisdiction. *Cf. Texas Catastrophe Property Ins. Ass'n. v. Council of Co-Owners of Saida II Condominium Ass'n.,* 706 S.W.2d 644, 646 (Tex.1986); *Mingus v. Wadley,* 115 Tex. 551, 558, 285 S.W. 1084, 1087 (1926). Consequently, Gonzalez' right to appeal and the method by which he may pursue it are controlled by the Texas Education Code. Tex. Educ.Code Ann. § 21.3011(e) (Vernon 1987). The trial court only had jurisdiction to review Gonzalez' expulsion pursuant to the Education Code and, as will be explained later, to assure that Gonzalez' constitutional rights were protected during the expulsion process

---

**2.** Both the Texas Education Code and the United I.S.D. Disciplinary Manual list assault as an offense for which a student may be suspended or expelled. Tex.Educ.Code Ann. § 21.3011(b)(1) (Vernon 1987 & Supp.1995).

**3.** Despite requests by both parties, the trial court did not render findings of fact and conclusions of law and none appear in the record. "[T]hus, all questions of fact will be presumed and found in support of the judgment." *Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662, 666 (Tex. 1987), *cert. denied,* 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988)). Nonetheless, implied findings of fact are not conclusive on appeal when a statement of facts appears in the record. *Id.*

and to determine whether the school board's decision was tainted by fraud, bad faith, or abuse of discretion.

In point of error number one, the school district complains the trial court erred by using the wrong standard of review. The school district asserts the proper standard in an expulsion case pursuant to the Education Code is the "substantial evidence" *de novo* review. Gonzalez contends the proper review is a "pure" trial *de novo*.

A substantial evidence review limits the district court to the record created at the board's suspension hearing. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984) (court reviews evidence in existence at time of agency hearing). In a pure trial *de novo*, the court starts with a clean slate and begins the fact-finding process anew. *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 289 (Tex.App.—Houston [1st Dist.] 1992, no writ). In the former circumstance, the administrative findings being reviewed are presumed legal and valid. *Cf. Mary Lee Found. v. Texas Employment Comm'n.*, 817 S.W.2d 725, 727 (Tex.App.—Texarkana 1991, writ denied). The burden is then on the party challenging the finding to demonstrate that the findings are not supported by substantial evidence. *See Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d at 290 (delineating burden of proof in substantial evidence review). Alternatively, a pure trial *de novo* places the burden on the agency to plead and prove the basis for the student's expulsion by a preponderance of the evidence. *Id.* at 289; *see generally* James R. Eissenger, *Judicial Review of Findings of Fact in Contested Cases Under APTRA*, 42 Baylor L.Rev. 1, 11–13 (1990).

The *Sanchez* court presents a thoroughly researched and well-reasoned analysis of the competing standards of review. *Id.* at 288–90. It is unnecessary for us to repeat the analysis here. *Sanchez* concluded, based on an examination of the Texas Education Code and court decisions applying it, that the proper standard of review in the district court for school board actions regarding student expulsions is the substantial evidence *de novo* review. *Id.* at 290. We adopt the reasoning and conclusion of the *Sanchez* court.

In a substantial evidence review, the trial court may only set aside the agency decision if it was made without regard to the law or the facts. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986). Reasonableness is the touchstone; the court examines the record to determine if reasonable minds could have reached the same conclusion as did the agency. *See Dotson v. Texas State Bd. of Medical Examiners*, 612 S.W.2d 921, 922 (Tex. 1981); *see also Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc*, 665 S.W.2d 446, 453 (Tex.1984). In combination with the substantial evidence review, the trial court may also examine the decision of the agency for fraud, bad faith, and abuse of discretion, as well as, to ascertain that *agency* proceedings afforded due process of law. *Central Educ. Agency v. Upshur County Comm'rs. Court*, 731 S.W.2d 559, 562 (Tex. 1987) (emphasis added) (instructing that trial court can conduct evidentiary hearing for purpose of determining fraud, bad faith, and abuse of discretion in addition to conducting substantial evidence review); *Grace v. Structural Pest Control Bd.;* 620 S.W.2d 157, 160 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.) (mandating agency compliance with due process rights before affirmance of agency decision is proper).

"Substantial evidence" means evidence amounting to more than a mere scintilla, however, the evidence need not reach the level of a preponderance to be "substantial." *Mary Lee Found. v. Texas Employment Comm'n.*, 817 S.W.2d at 727. Even though the evidence may preponderate against the agency decision, the evidence can still amount to "substantial evidence." *Texas Health Facilities Comm'n v. Charter Medical–Dallas*, 665 S.W.2d at 452.

The record contains evidence in the form of written reports and eyewitness testimony that Gonzalez shoved a teacher. Although claiming the incident was instigated by the teacher, Gonzalez did not deny having pushed the teacher during the course of the incident. The evidence amounts to more

than a mere scintilla and reasonable minds could have concluded that Gonzalez assaulted the teacher. Therefore, substantial evidence supports the board's determination that expulsion was appropriate.

■ Next, we must examine whether the school board's decision was tainted by fraud, bad faith, or abuse of discretion. Although this matter is collateral to whether the trial court employed the proper standard of review, it is appropriate to address it at this juncture because, even though an agency decision may be supported by substantial evidence, the decision cannot stand if it is laden with fraud, bad faith, or abuse of discretion. *Cf. Central Educ. Agency v. Upshur County Comm'rs. Court,* 731 S.W.2d at 562.

Gonzalez points out that school documents favorable to him were altered. Specifically, a grade card sent to Gonzalez' parents had a good conduct notation removed and the conduct referral form[4] apparently had the length of suspension penciled in after the form was initially completed and a copy given to Gonzalez. Gonzalez also alleges various other circumstances surrounding the activities the day of the incident to illustrate his contention that his due course of law rights were violated including: that the assistant principal suspended Gonzalez based on the complaining teacher's verbal and written reports without discussing the incident with other eyewitnesses potentially favorable to Gonzalez; the police were called without following written school procedures; and Gonzalez' father was not timely notified the day of the occurrence. Additionally, Gonzalez complains that having the school district's attorney serve as the hearing officer at the campus-level expulsion hearing created an inherently unfair situation because Gonzalez' attorney previously sued the school district's attorney, individually, in another matter. Further, Gonzalez asserts, without specifying how, that having the assistant principal who suspended him participate in the expulsion hearing, in some manner, constitutes bad faith.

■ The record reveals no evidence to support the allegation that the **school board's decision** to expel Gonzalez was tainted with fraud, bad faith, or abuse of discretion. All of Gonzalez' fraud, bad faith, and abuse of discretion allegations address actions taken by school administrators or the hearing examiner; none address the conduct of the school board, individually or collectively. The evidence presented by Gonzalez in no way implicates the decision-making process of the school board. The trial court may not disturb the decision of the school board where, as here, there is substantial evidence supporting the decision and there is no fraud, bad faith, or abuse of discretion in the school board's decision. Point of error one is sustained.

■ United's catch-all point of error number two asserts that the evidence supporting the trial court's finding that Gonzalez was wrongfully expelled[5] is legally and/or factually insufficient. It is unnecessary to address point of error number two separately because the error asserted therein is embodied and addressed in the other points of error. Points of error three and four challenge the legal and factual sufficiency of the evidence supporting the implied finding that United violated Gonzalez' due course of law

---

4. This form was initially filled out by the teacher reporting the incident and was then turned over to the school administration for further action. The assistant principal handling the case determined, based on this referral and a conversion with the complaining teacher, that suspension was appropriate pending expulsion proceedings.

5. As a matter of law, Gonzalez has no common law cause of action against the school district for wrongful expulsion. TEX.CIV.PRAC. & REM.CODE ANN. § 101.051 (Vernon 1986). The school district is immune from liability for all tort causes of action except those arising from the operation or use of

motor-driven vehicles or equipment. *Id.; Le-Leaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992). To the extent the judgment of the trial could be construed to find a new common law action for wrongful expulsion, we decline to endorse even the slightest suggestion that such a cause of action exists. Instead, we interpret the judgment to mean that the aggregation of Gonzalez' specific allegations—lack of substantial evidence; fraud, bad faith, and abuse of discretion in the school board decision; and violation of due course of law—led to an expulsion that was improper.

rights.[6] Points five, six, and seven contest Gonzalez' Open Meetings Act complaints.

▮▮▮ Points of error three and four challenge the legal and factual sufficiency of the evidence supporting the trial court's implied finding that United violated Gonzalez' due course of law rights. In order to examine the sufficiency of the evidence on a finding of a due course of law violation, we must first ascertain the rights to which an individual is entitled. The Texas Education Code specifies what is required in cases where expulsion is being considered.

> Before the expulsion, the board or its designee must provide the student a hearing at which the student is afforded appropriate due process as required by the federal constitution. If the decision to expel a student is made by the board's designee, the decision may be appealed to the board. The decision of the board may be appealed by trial de novo to a state district court of the county in which the school district's central administrative office is located.

TEX.EDUC.CODE ANN. § 21.3011. (Vernon 1987). Due process involves basic notions of justice and fair play. *Banks v. Board of Public Instruction of Dade County,* 314 F.Supp. 285, 290 (S.D.Fla.1970, *aff'd,* 450 F.2d 1103 (5th Cir.1971). "The sufficiency of procedures must be judged in the light of the parties, the subject matter and the circumstances involved." *Brewer v. Austin Indep. Sch. Dist.,* 779 F.2d 260, 263 (5th Cir.1985).

▮▮▮ Nevertheless, that being said, the precise requirements of "due course of law" remain unclear. *Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 525 (Tex.1995); *Trinity River Auth. v. URS Consultants, Inc.–Texas,* 889 S.W.2d 259, 263 & n. 5 (Tex.1994). As noted in *Garcia,* some courts have construed article 1, section 19 of the Texas Constitution as providing the same protections as the Fourteenth Amendment of the United States Constitution. *See Texas Workers; Compensation Comm'n v. Garcia,* 893 S.W.2d at 525; *Mellinger v. City of*

*Houston,* 68 Tex. 37, 3 S.W. 249, 252–53 (1887); *see also Moore v. Port Arthur Indep. Sch. Dist.,* 751 F.Supp. 671, 673 (E.D.Tex. 1990). Other courts have characterized the Texas protections more broadly than the federal due process rights. *See In re J.W.T.,* 872 S.W.2d 189, 197 n. 23 (Tex.1994); *Armstrong v. Randle,* 881 S.W.2d 53, 56 & n. 4 (Tex.App.—Texarkana 1994, writ denied); *Yorko v. State,* 681 S.W.2d 633, 636 (Tex. App.—Houston [14th Dist.] 1984), *aff'd,* 690 S.W.2d 260 (Tex.Crim.App.1985). However, absent specific direction to the contrary, we interpret the due course of law protections afforded by the Texas Constitution in this area as they traditionally have been, as being co-extensive with the due process rights of the Fourteenth Amendment. *Armstrong v. Randle,* 881 S.W.2d at 56 & n. 4.

▮▮▮ The basic process due in long-term expulsions includes prior notice of the charges, notice of witnesses to be heard, a summary of proof to be presented, a fair hearing, and an opportunity to present evidence favorable to your position. *Williams v. Dade County Sch. Bd.,* 441 F.2d 299, 302 (5th Cir.1971). The notice given may be "'oral and written notice of the charges against [the student] and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story.'" *See Johnson v. Humble Indep. Sch. Dist.,* 799 F.Supp. 43, 45 (S.D.Tex. 1992) (quoting *Goss v. Lopez,* 419 U.S. 565, 581, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975); *see also Newsome v. Batavia Local Sch. Dist.,* 842 F.2d 920, 927 (6th Cir.1988) (concluding that, although *Goss* specifically addressed suspensions of ten days or less, the requirements set forth therein also establish the minimum due process applicable to longer suspensions as well, absent explicit instructions otherwise). Even so, failure to furnish names of witnesses and a summary of their testimony does not, by itself, violate due process. *McClain v. Lafayette County Bd. of Educ.,* 673 F.2d 106, 109–10 (5th Cir.

---

**6.** The judgment reads in part:

> The Court, after hearing the evidence and the arguments of counsel, is of the opinion that ANDRES GONZALEZ, Plaintiff is entitled to recover of and from defendant, UNITED IN-

DEPENDENT SCHOOL DISTRICT a declaratory judgment and the Court hereby finds and declares that student, ANDRES GONZALEZ was wrongfully expelled from United High School.

1982) (concluding that notice of witnesses and proposed testimony is not necessary where conduct in question is admitted).

■ Gonzalez complains the notice given prior to the formal campus-level suspension hearing was insufficient because it failed to provide a complete list of potential witnesses and a summary of expected proof. It is important to reiterate that Gonzalez admits the conduct for which the school district sought to expel him. Gonzalez only takes issue with the characterization of the shove as an assault, instead, urging that it was a self-defensive measure. Notwithstanding that *Goss* and *McClain* do not require notice as to potential witnesses and proposed testimony where, as here, the conduct is admitted, Gonzalez was made aware of the full extent of the testimony and evidence supporting the administration's decision to expel him at the campus-level hearing. Even if it were error not to provide a witness list and testimony summary prior to the campus-level hearing, such error, if any, did not deny Gonzalez due course of law because he was allowed ample opportunity to confront the witnesses and present his version of the facts at the school board meeting.

■ Next, Gonzalez challenges the impartiality of the hearing officer at the formal on-campus expulsion hearing and the participation of the assistant principal, who originally imposed the six-day suspension, at the formal campus expulsion hearing and the presentation to the school board. However, Gonzalez' complaints never rise above the level of mere allegations. Neither the hearing officer's position as school attorney nor the assistant principal's involvement in the initial investigation and imposition of discipline violates due process or disqualifies either person from conducting a hearing on the charges, absent a showing of actual bias. See *Brewer v. Austin Indep. Sch. Dist.*, 779 F.2d at 264; *see also Newsome v. Batavia Local Sch. Dist.*, 842 F.2d at 927. No evidence appears in the record to substantiate any charge of bias on the part of the hearing officer or the assistant principal. There is no evidence that the procedures employed by United prior to and during the formal on-campus expulsion hearing or at the school

board meeting did not afford Gonzalez an impartial hearing. Furthermore, Gonzalez' complaint about the administrator's investigation and the circumstances surrounding his arrest do not implicate due course of law as it relates to notice of the charges, the board hearing afforded Gonzalez, or his opportunity to present evidence relevant to his expulsion.

■ When considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). The record shows an informal hearing was held by the assistant principal the day of the incident, at which time Gonzalez was informed of the charge against him and given the opportunity to tell his side of the story. At the conclusion of the informal hearing, after discussing the incident with the complaining teacher and reading the discipline referral form, the assistant principal suspended Gonzalez and gave him a copy of the form noting that he was suspended pending an expulsion hearing for assaulting a teacher.

■ The record also shows the school gave Gonzalez notice of the charges, notice of the formal on-campus expulsion hearing, and notice of his right to appeal an adverse decision to the school board. When the hearing officer rendered his decision expelling Gonzalez for the remainder of the school year, Gonzalez appealed to the school board requesting the expulsion be considered in open session. At both the formal on-campus hearing and the school board hearing, Gonzalez, through his attorney, presented witnesses and evidence favorable to his position, examined opposing witnesses, and personally presented his version of the incident. More importantly, the school district's board of trustees complied with the statutory mandate and considered Gonzalez' appeal, unanimously upholding the expulsion, albeit shortening its duration. Even assuming procedural errors occurred during the early phases of the suspension/expulsion proceedings, Gonzalez received the due course of law to which he

was entitled when the school board, after appropriate notice, considered his appeal based on the expulsion hearing record and live testimony from Gonzalez and his supporting witnesses. *See Brewer v. Austin Indep. Sch. Dist.*, 779 F.2d at 263 (noting that schools are only constitutionally required to provide due process once and that providing an appeal can cure earlier procedural errors).

Because we find no evidence to support a finding that Gonzalez' due course of law rights were violated, it is unnecessary to examine the factual sufficiency of the evidence. Points of error three and four are sustained.

United's fifth, sixth, and seventh points of error complain the trial court erred in finding a violation of the Open Meetings Act and challenge the legal sufficiency of the evidence supporting such a finding. [The following language was formerly in a footnote] First, Gonzalez alleged the board violated the Act when, after receiving evidence pertinent to the expulsion, they considered the matter in executive session. Second, Gonzalez insisted the presence of the school district's superintendent and assistant superintendent during those deliberations also violated the Act.

The Texas Government Code directs that meetings of a governmental body be open to the public. TEX.GOV'T CODE ANN. § 551.002 (Vernon 1994). In the context of student disciplinary actions, the code provides an exception to the general rule. TEX.GOV'T CODE ANN. § 551.082(a)(1) (Vernon 1994) (open meetings are not required when considering student discipline). However, the code also creates an exception to the exception which requires the disciplinary matter be considered in open session when the parent or guardian of the child makes a written request. TEX.GOV'T CODE ANN. § 551.082(b) (Vernon 1994).

■ It was not a violation of the Open Meetings Act, however, to recess a mandatory open meeting to deliberate in closed session if the person who had the right to demand the open session initially, did not timely object. *Bowen v. Calallen Indep. Sch. Dist.*, 603 S.W.2d 229, 236 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) (party

with right to demand open meeting has burden to object and failure to do so constitutes waiver). In the instant case, Gonzalez was unquestionably entitled to an open hearing, having requested it in writing. The board complied and received the record of the campus-level expulsion hearing and listened to live testimony presented on Gonzalez' behalf. After receiving this evidence, the board president announced the board would retire to executive session to consider the expulsion. Even though there is no affirmative obligation to seek objections to an executive session, at the urging of the school district's attorney, the board president, in an abundance of caution, asked if anyone objected to the executive session. Neither the board minutes nor the trial record reflect that anyone, including Gonzalez' attorney, objected to the closed session. Having failed to object to the executive session, Gonzalez' complaint is waived.

■ Gonzalez also alleged that the presence of the superintendent and assistant superintendent in the executive session violated the Act. The open meetings request having been waived, the Act permits the school board to deliberate on matters "involving discipline of a public school child" in a closed meeting. TEX.GOV'T CODE ANN. § 551.082 (Vernon 1994). "Deliberation" is defined as a "verbal exchange during a meeting ... between a quorum of a governmental body and another person." TEX.GOV'T CODE ANN. § 551.001(2) (Vernon 1994). Gonzalez erroneously suggests the code proscribes the presence of employees while members of the governmental body deliberate disciplinary matters. TEX.GOV'T CODE ANN. 551.075 (Vernon 1994). The section cited by Gonzalez as support for this proposition is inapplicable under the present facts. Section 551.075 only addresses the propriety of closed conferences for information-gathering purposes between members of a governmental body and employees of that entity. This section is one of several code exceptions specifying certain governmental functions which do not require an open meeting; it does not apply to disciplinary deliberations.

Most importantly, only actions taken in violation of the Open Meetings Act are voidable. TEX.GOV'T CODE ANN. § 551.141 (Vernon 1994). Thus, even if the executive session violated the Act, which it did not, no action was taken during the executive session. The vote affirming Gonzalez' expulsion took place in open session, after any alleged violation occurred; that being the case the vote to affirm the expulsion was not taken in violation of the Act. Points five, six, and seven are sustained.

We conclude that the affirmation of Gonzalez' expulsion by the United Independent School District board of trustees is supported by substantial evidence. We do not find the decision of the school board to be tainted by fraud, bad faith, or abuse of discretion, nor do we find that Gonzalez was denied due course of law. Further, we conclude there was no action taken in violation of the Open Meetings Act. Accordingly, the judgment of the trial court is reversed, the award of attorney's fees is set aside, and the decision is rendered that Gonzalez take nothing.

RICKHOFF, Justice, concurring.

The court's concurrence delivered August 31, 1995 is withdrawn and this opinion is substituted.

I agree with the majority opinion but write separately to urge trial courts to cautiously apply the appropriate standard of review, especially in light of the new Texas Education Code. Desperate parents will be searching for that one trial judge they can cajole into accepting the education code's invitation to review "de novo"[1] the school board's decision to expel their child. Thus begins costly litigation that may only end after the improvidently readmitted student's graduation. All can be avoided if the standard of review, as laid out in Sanchez v. Huntsville Indep. Sch. Dist., 844 S.W.2d 286, 289–90 (Tex.App.—Houston [1st Dist.] 1992, no writ), is followed.

As early as 1985, a majority of the U.S. Supreme Court commented:

[1]. See TEX.EDUC.CODE ANN. §§ 13.215, 19.02(d), 19.022(i), 19.0221(i), 21.041(d), 21.3011(e) (Vernon 1987, 1991 & Supp.1995) (using the words

The maintenance of discipline in the schools requires not only that students be restrained from assaulting one another, abusing drugs and alcohol, and committing other crimes, but also that students conform themselves to the standards of conduct prescribed by school authorities. We have "repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in schools." Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 507, 89 S.Ct. 733, 737, 21 L.Ed.2d 731 (1969). The promulgation of a rule forbidding specified conduct presumably reflects a judgment on the part of school officials that such conduct is destructive of school order or of a proper educational environment. Absent any suggestion that the rule violates some substantive constitutional guarantee, the courts should, as a general matter, defer to the judgment and refrain from attempting to distinguish between rules that are important to the preservation of order in the schools and rules that are not.

New Jersey v. T.L.O., 469 U.S. 325, 342 n. 9, 105 S.Ct. 733, 743 n. 9, 83 L.Ed.2d 720, 735 n. 9 (1985). As recently as June of 1995, seven members of our supreme court agreed that courts should be reluctant to intervene with the "heavy hand of justice" in local school matters. See Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 453 (1995) (declining to address constitutionality of school's grooming code).

In 1992, the Sanchez court determined that school board actions should be reviewed by substantial evidence de novo review. 844 S.W.2d at 290. Trial judges are not authorized to cavalierly exercise equity jurisdiction and "do the right thing" to correct the school board's decision. As long as the school board's decision is "reasonable", even if, in the trial judge's mind, the evidence may preponderate against the board's decision, that decision stands.

"de novo" without characterizing the review as "substantial evidence" or "pure" de novo ).

This record shows the student was expelled pursuant to TEX.EDUC.CODE ANN. § 21.3011(b)(1) (Vernon Supp.1995) for pushing a teacher. This alone should alert a trial judge there may exist a reasonable basis for the board's action. Moreover, the trial judge requested and received briefs on the appropriate standard of review. Nevertheless, one could read the court's judgment in awarding attorney's fees, ordering readmission, and declaring the expulsion void as creating a new common law action for wrongful expulsion. This judicial interference in local school board matters is precisely what the U.S. and Texas Supreme Courts have urged the trial courts to avoid.