NUMBER 13-04-00395-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


NUECES COUNTY BAIL BOND BOARD,                                        Appellant,

 

                                                             v.

 

WARREN ALKEK D/B/A A&A BAIL
BONDS,                                   Appellee.

                                                                                                                        

    On appeal from the 347th District Court of Nueces County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








This is an appeal from the trial court=s order granting a bail bond license to
appellee, Warren Alkek, d/b/a A&A Bail Bonds.  In eight points of error, appellant, the
Nueces County Bail Bond Board, contends the trial court erred by (1) denying
its plea to the jurisdiction, (2) granting appellee=s bail bond license renewal, and (3) not
granting a directed verdict.[1]  We reverse and render.

                                                             A.  Background

Appellee=s bail bond license was set to expire on
November 21, 2003.  In September 2003,
appellee submitted a license renewal application, which the Board conditionally
granted at its regular monthly meeting on October 28, 2003.  However, at a specially called meeting held
on January 6, 2004, the Board denied the license renewal.  Appellee sued the Board, Nueces County
Attorney Laura Garza Jimenez, and Nueces County Sheriff Larry Olivarez for (1)
injunctive relief, attorney=s fees and damages, and (2) a temporary
injunction until the completion of the litigation.  On January 12, 2004, the trial court granted
a temporary restraining order against the Board.  The trial court subsequently granted a motion
for summary judgment filed by Jimenez and Olivarez.  After a hearing held on June 30, 2004, the
trial court (1) denied the Board=s plea to the jurisdiction, (2) granted
appellee=s request for a permanent injunction, and
(3) granted appellee=s bail bond license renewal, effective
November 21, 2003.  This appeal ensued. 

                                                 B.  Plea
to the Jurisdiction








In its first point of error, the Board
contends the trial court erred in refusing to grant its plea to the
jurisdiction because appellee failed to plead any cause of action for which
sovereign immunity has been waived.

A plea to the jurisdiction challenges the
trial court=s authority to determine the subject matter
of a pleaded cause of action.  City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.BEl Paso 2000, pet. dism=d w.o.j.); State v. Benavides, 772
S.W.2d 271, 273 (Tex. App.BCorpus Christi 1989, writ denied).  Because subject matter jurisdiction is a
question of law, we review a trial court=s ruling on a plea to the jurisdiction de
novo.  State v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2003).  In
determining whether jurisdiction exists, we do not look at the merits of the
claim; rather, we look to the allegations in the pleadings, accept them as
true, and construe them in favor of the pleader.  See County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002); Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We consider the facts alleged in the
petition, and to the extent it is relevant to the jurisdictional issue, any
evidence submitted by the parties to the trial court.  Tex. Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 555 (Tex. 2000).  It is
the plaintiff=s burden to allege facts affirmatively
demonstrating the trial court=s jurisdiction.  Tex. Ass=n of Bus., 852 S.W.2d at 446; Mission Consol. Indep. Sch. Dist. v. Flores,
39 S.W.3d 674, 676 (Tex. App.BCorpus Christi 2001, no pet.).








The right to appeal the decision of an
administrative agency is a statutory right. 
See Bouldin v. Bexar County Sheriff=s Civ. Serv. Comm=n, 12 S.W.3d 527, 529 (Tex. App.BSan Antonio 1999, no pet.).  Where the Legislature has created a right to
appeal from an administrative decision, Athe applicable statutory provisions are
mandatory and exclusive and must be complied with fully for the action to be
maintainable.@  Id.
(citing United Indep. School Dist. v. Gonzalez, 911 S.W.2d 118, 122
(Tex. App.BSan Antonio 1995, writ denied).  To seek appellate review of the Board=s decision, appellee was required to comply
with the applicable provisions of the Texas Occupations Code.

Under section 1704.255 of the Texas
Occupations Code, an Aapplicant or a license holder may appeal an
order of a board denying an application for a license or renewal of a license,
or suspending or revoking a license, by filing a petition in a district court
in the county not later than the 30th day after the date the person receives
notice of the denial, suspension, or revocation.@  Tex. Occ. Code Ann. ' 1704.255(a) (Vernon 2004).  The record shows that the Board denied the
renewal of appellee=s license on January 6, 2004, and appellee
filed his petition in the district court on January 12, 2004.  

The Board acknowledges that the district
court had jurisdiction under section 1704.255 to review the Board=s decision to deny appellee=s license renewal.  However, the Board asserts that because
appellee=s pleadings also sought damages and
injunctive relief, appellee must have intended to plead its cause of action
under some other unknown law and not section 1704.255.  We reject the Board=s assertion.

The factual allegations contained in
appellee=s pleadings conclusively demonstrate the
district court=s jurisdiction under section 1704.255, and
the Board does not refer us to any authority indicating that if a pleading
under this section contains requests for damages and injunctive relief,
jurisdiction is negated.  On the
contrary, this Court has previously determined that a district court has
jurisdiction over causes of action for damages and suits for injunction against
bail bond boards.  See
Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 373-75 (Tex.
App.BCorpus Christi 1999, no pet.).  Accordingly, we conclude the trial court
properly denied the Board=s plea to the jurisdiction.  Appellant=s first point of error is overruled.








                                      C.  Renewal
of the Bail Bond License

In its fifth point of error, the Board contends
the trial court erred in granting a bail bond license to appellee because
appellee=s application contained an improperly sworn
financial statement.  

When the Board refused to renew the bail
bond license, appellee=s appeal to the district court was Aby trial de novo in the same manner as an
appeal from a justice court to a county court.@  Tex. Occ. Code. Ann. ' 1704.256 (Vernon 2004).   In a de novo proceeding, the trial court
must pass on the application without regard to the prior decision of the
Board.  Harris County Bail Bond Bd. v.
Blackwood, 41 S.W.3d 123, 127 (Tex. 2001); see Harris County Bail Bond
Bd. v. Burns, 881 S.W.2d 61, 62 (Tex. App.BHouston [14th Dist.] 1994, writ denied) (A[T]he proceedings in the district court
consist of both sides presenting evidence as if for the first time for the
trial court to make its own determination based on the evidence before it.@). 
Because the application requirements of the Bail Bond Act are mandatory,
it is necessary that the application in the record fully comply with all of the
statutory requirements.  Blackwood,
41 S.W.3d at 126-27; see also Tex.
Occ. Code. Ann. ' 1704.162(c) (Vernon 2004) (AAn application for renewal must comply with
the requirements for an original license application under Section 1704.154.@).  

Under section 1704.154 of the occupations
code, and the Local Rules of the Board, an application must be accompanied by a
sworn financial statement.  See Tex. Occ. Code. Ann. ' 1704.154(b)(4)(A) (Vernon 2004).  The financial statement contained in the
record, and submitted by Alkek in conjunction with appellee=s renewal application, states: AI Warren Alkek swear these financial
statements are true to the best of my knowledge.@  We
conclude this statement is not sufficient to comply with the requirements of
the Act.








Because the Texas Occupations Code does not
expressly authorize an oath to be made to the best of one=s knowledge or belief, such an oath is
insufficient.  See Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984) (AUnless authorized by statute, an affidavit
is insufficient unless the allegations contained therein are direct and
unequivocal and perjury can be assigned upon it.@).  A
statement that facts Aare true to the best of my knowledge@ does not contain the necessary factual
specificity; it does not Apositively and unqualifiedly represent the >facts= as disclosed in the affidavit to be true
and within his personal knowledge.@  Brownlee,
665 S.W.2d at 112.

Because the financial statement contained in
the record does not contain a properly sworn financial statement, we hold that
the application before the trial court did not fully comply with all of the
statutory requirements for an original license. 
See Tex. Occ. Code. Ann.
' 1704.162(c) (Vernon 2004); Blackwood,
41 S.W.3d at 126-27.  Therefore, the
trial court erred in granting a license renewal to appellee.[2]

Appellant=s fifth point of error is sustained.  Because this point is dispositive, we need
not address appellant=s remaining points of error.  See Tex.
R. App. P. 47.1.

We reverse the judgment of the trial court
and render judgment in favor of the Nueces County Bail Bond Board.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 6th day of July, 2006.











[1]  In its second and third points of error, the
Board also contends the trial court erred in denying its motions for summary
judgment.  However, the denial of a
motion for summary judgment generally constitutes an interlocutory order and
not a final judgment from which a party may appeal.  Novak v. Stevens, 596 S.W.2d 848, 849
(Tex. 1980).  The denial of such a motion
is appealable only where both parties file motions for summary judgment and one
is granted.  Id.  (citing Tobin v. Garcia, 316 S.W.2d
396, 400‑01 (Tex. 1958)).  Because
that is not the case here, we consider these points of error to be without
merit.

 

In its fourth
point of error, the Board contends the trial court erred by failing to make
findings of fact and conclusions of law. 
On August 22, 2005, this Court issued an order of abatement directing
the trial judge to correct that error and issue findings of fact and
conclusions of law.  See Tex. R. App. P. 44.4(a); see also Tenery
v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996); Cherne Indus., Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex.1989). Findings of fact and
conclusions of law were filed with this Court on October 4, 2005.  Therefore, we proceed with the remainder of
this appeal.  See Tex. R. App. P. 44.4(b).





[2] Although the court-ordered
license expired on November 21, 2005, the Texas Supreme Court has held that Athe expiration of a license
will not moot the controversy if the appeal arises from the renewal or refusal
to renew a license under a statutory scheme that contemplates a continuous
cycle of license renewals.@  See Harris County Bail Bond Bd. v.
Blackwood, 41 S.W.3d 123, 126 n.2 (Tex. 2001).